Tammy Hussin, Esq. (Bar No. 155290)
Hussin Law Firm
12526 High Bluff Drive, Suite 300
Del Mar, CA 92130
(877) 677-5397
Tammy@HussinLaw.com

Attorney for Plaintiff, Guadalupe Hernandez Rodriguez

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| Guadalupe Hernandez Rodriguez,<br><br>Plaintiff,<br><br>vs.<br><br>Bank of America Bank, N.A.<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693,** ***ET. SEQ.***<br>**2. BREACH OF CONTRACT**<br>**3. CONVERSION** |

For this Complaint the Plaintiff, Guadalupe Hernandez Rodriguez, by undersigned counsel, states as follows:

    1.    Plaintiff asserts that an unauthorized user conducted multiple unauthorized electronic funds transactions from her Bank of America bank account, and that Bank of

COMPLAINT FOR DAMAGES

America failed to properly investigate and respond to the fraudulent transactions, in violation of the Electronic Funds Transfer Act 15 U.S.C. § 1963, *et seq.* ("EFTA"), its implementing regulations ("Regulation E"), 12 C.F.R. § 1005.1, *et seq*. Plaintiff also asserts a cause of action for Breach of Contract and Conversion.

2. As a result of Bank of America's refusal to reimburse Plaintiff for unauthorized use in her account, Plaintiff's life has become unstable and stressful. Plaintiff relies on the funds in her Bank of America account and needs that money just to meet her financial obligations. Rather than follow the requirements of the EFTA, Bank of America accused Plaintiff defrauding the bank and refused to reimburse her for the unauthorized transactions. The experience left Plaintiff with an untenable level of stress, anxiety, panic attacks, anger, and worry.

3. Since Bank of America ignored Plaintiff's disputes and refused to return the stolen funds, Plaintiff had no choice but to bring this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to the cause of action arising under the EFTA. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts or omissions giving rise to the claims in this Complaint occurred in this District, and because Defendant is subject to the Court's personal jurisdiction with respect to this action.

## THE PARTIES

6. The Plaintiff, Guadalupe Hernandez Rodriguez (hereafter "Plaintiff"), is an adult individual residing in Perris County, California.

7. Defendant, Bank of America Bank, N.A. ("Bank of America" or "Defendant"), is a nationally chartered bank incorporated in Delaware. Bank of America regularly conducts business in this judicial district and throughout the state of California.

## BACKGROUND

8. Bank of America is one of the largest banks in the nation, and it is also one of the most notorious for putting profits ahead of its customers' well-being. Bank of America has consistently shown a blatant disregard for both state and federal consumer protection laws, and as a result is constantly drawn into scandals due to its harmful practices toward its customers.

9. Bank of America's illegal and unfair antics has caused it to incur **billions of dollars** in government fines. In fact, since 2000, Bank of America has been fined 251 times, racking up a whopping $82.9 billion in fines.[1] These penalties reflect the bank's involvement in a wide range of misconduct and unfair consumer practices, always putting profit before its customers. Just to name a few, Bank of America paid $16.5 billion in consumer relief for misleading consumers (U.S. Department of Justice, Press Release No. 14-956, August 21, 2014), paid $11.8 billion in restitution for foreclosure abuses (Fannie Mae, Press Release, January 7, 2013), and was fined $475 million by the Consumer Financial Protection Bureau ("CFPB") for charging illegal fees, excessive overdraft charges, and opening unauthorized accounts (CFPB Consent Order, File No. 2022-CFPB-0010, July 14, 2022; (CFPB Consent Order, File No. 2023-CFPB-0011, May 23, 2023).[2]

---

[1] *See, e.g.,* https://thefintechtimes.com/bank-of-america-has-accumulated-82-9-billion-in-fines-since-2000-brokerchooser-study-finds/.

[2] A comprehensive list of the **hundreds** of government actions against Bank of America, far too vast to detail in this Complaint, can be found here: https://violationtracker.goodjobsfirst.org/?company_op=starts&company=bank+of+america&offense_group=&agency_code=.

3                                              COMPLAINT FOR DAMAGES

ID #:4

10. With this backdrop, it should come as no surprise that Bank of America routinely violates the EFTA. Indeed, just recently the bank agreed to a Consent Order for systematically violating the EFTA and improperly evaluating customer disputes of unauthorized transactions.[3] The CFPB determined that Bank of America routinely violated the EFTA by failing to conduct reasonable investigations, relies on archaic and ineffectual metrics to analyze customer fraud claims, and systematically ignoring obvious indicia of fraud the bank has in its own records. In doing so, Bank of America wrongfully denies customer fraud disputes, accuses its customers of lying, and refuses to restore the stolen funds back into their accounts, all of which violates the EFTA. *Id*.

11. As was the case here, Bank of America regularly ignores obvious indicia of fraud that the bank has within its own records and systematically denies customer fraud disputes using an unreasonable basis to make its determination. Bank of America consistently accuses its customers of lying about claims of unauthorized transactions and refuses to restore the stolen funds back to their accounts.

12. Indeed, the internet is awash with consumers complaining that Bank of America refused to reimburse them for unauthorized electronic transactions. The CFPB alone logged 51,781 consumer complaints against Bank of America, thousands of which relate to the bank's failure to comply with Regulation E and the EFTA.[4] Likewise, there are scores of individual and class actions against Bank of America alleging EFTA violations, including multidistrict litigation.[5]

13. The EFTA was enacted to protect consumers and to establish the rights, liabilities, and responsibilities of financial institutions. The EFTA requires that financial institutions, such as Bank of America, follow clear procedures and safeguards when

---

[3] *In the Matter of Bank of America, N.A.,* Consent Order, CFPB 2022-CFPB-0004, Document 1 (July 14, 2022).
[4] https://www.consumerfinance.gov/data-research/consumer-complaints/search/?dateRange=All&date_received_max=2025-02-06&date_received_min=2011-12-01&has_narrative=true&page=1&searchField=all&searchText=bank%20of%20america&size=25&sort=created_date_desc&tab=List.
[5] *See, e.g., In re Bank of America Unemployment Compensation Litigation,* Case No. 3:21-md-02992.

processing electronic transactions, and imposes strict requirements on banks to investigate and resolve disputes involving unauthorized transactions and errors promptly. Despite these clear mandates, in its regular course of business, Bank of America fails to comply with its obligations under the EFTA, resulting in harm to its customers, and once again demonstrating its flagrant disregard for the protections Congress intended to provide under this vital consumer law.

14. In any action under the EFTA, when determining the amount of liability, the "court shall consider…the frequency and persistency of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional." 15 U.S.C. §1693m(b)(1).

15. Bank of America's noncompliance with the EFTA, and all other consumer laws for that matter, is frequent and persistent. Bank of America knows its noncompliance with consumer protection laws is likely to lead to catastrophic consequences for its customers, yet it choses profit over accountability and the well-being of the very individuals it is entrusted to serve. This reckless prioritization of financial gain over legal obligations and customer trust underscores a systemic disregard for both the law and basic fairness, leaving its customers vulnerable to financial harm and distress.

16. Bank of America's violations of the EFTA are intentional and knowing, and the bank must be held accountable to fullest extent possible under the law.

## BANK OF AMERICA AND PLAINTIFF

17. Plaintiff has banked with Bank of America for over a decade and put her trust in the bank to protect her hard-earned money. During all times, Plaintiff remained in perfect standing, and Plaintiff never once submitted a claim to the bank for unauthorized use.

18. On a date unknown to Plaintiff, Bank of America allowed a fraudster to gain unauthorized access to Plaintiff's account. The fraudster assumed control of Plaintiff's account and changed her account credentials. Beginning on November 25, 2024, the fraudster proceeded to conduct a series of unauthorized electronic transactions, stealing a total of $10,700.00.

19. Plaintiff never provided her account credentials to anyone and never authorized anyone to conduct the transactions. Plaintiff's debit card was in her possession at all times.

20. Inasmuch as the fraudster changed Plaintiff's account credentials, Plaintiff was locked out of her account and unaware that the unauthorized use was occurring.

21. Plaintiff went into a Bank of America branch and a representative assisted her in resetting her login credentials. Once Plaintiff was able to log in to her account, she discovered the theft and identified the unauthorized transactions with the branch representative.

22. Bank of America provided Plaintiff with a credit for only one of unauthorized transactions, a wire transfer in the sum of $2,400.00, but refused to reimburse Plaintiff for the remaining $8,300.00 in unauthorized electronic transactions.

23. Bank of America eventually sent Plaintiff a letter telling her she would not be reimbursed for the remaining transactions because the disputed charges were made from a known device and that her device had received an authorize code.

24. The bank failed to articulate why it had concluded that the wire transaction was unauthorized, but the other electronic transactions were not.

25. Plaintiff was shocked and went into the Bank of America branch to dispute the decision to deny her claim. Plaintiff explained that it was not possible that

the transactions were made with her device and explained that she never received an authorization code.

26. Plaintiff told the representative she had filed a police report and an IC3.gov complaint, but the representative did not seem to care. Plaintiff continued to insist that the subject transactions were unauthorized, but to no avail. Bank of America failed, and continues to fail, to reimburse Plaintiff.

27. Plaintiff was angered, frustrated, and outraged that she was being accused of committing a fraud upon the bank. After 10 years of loyally banking with Bank of America, Plaintiff felt as if she was being treated like a criminal.

28. Plaintiff requested a copy of the documents Bank of America used during its investigation, but to date Bank of America failed to provide her with any such documentation.

29. Bank of America's actions and inactions caused, and continues to cause, Plaintiff to suffer severe emotional distress, including but not limited to panic attacks, sleeplessness, anxiety, frustration, anger, hopelessness, depression, outrage, fear, embarrassment, and worry.

## COUNT I
## ELECTRONIC FUND TRANSFER ACT
## 15 U.S.C. §1693, *et. seq.*

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Plaintiff did not give actual authority to the fraudster to initiate the electronic fund transfers, and therefore the transactions initiated by the fraudster constituted unauthorized electronic fund transfers under §1693a(12).

32. Bank of America failed to conduct a reasonable investigation by failing to include "relevant information" within its possession. Namely, Bank of America failed

to review its IP and security monitoring data and failed to take into consideration that Plaintiff's account credentials had been changed.

33. Bank of America failed to provide Plaintiff with an adequate explanation as to why it concluded the fraudulent transactions were authorized by Plaintiff, in violation of 15 U.S.C. § 1693f(d).

34. Plaintiff provided notice to Bank of America immediately after learning of the unauthorized electronic transactions. Therefore, Plaintiff should not be liable for any of the unauthorized transactions. By holding Plaintiff responsible for the full amount of the unauthorized transfer Bank of America violated the Section 1693g(a).

35. Plaintiff requested, but Bank of America failed to provide, the documents used to investigate the unauthorized transactions, in violation of 15 U.S.C. § 1693f(d).

36. Bank of America is liable for treble damages pursuant to 15 U.S.C. § 1693f(e)(1) because it did not provisionally recredit Plaintiff's account within the ten-day period and it failed to conduct a good faith investigation of the alleged errors.

37. Bank of America is also liable for treble damages pursuant to §1693f(e)(2) because it knowingly and/or willfully concluded that Plaintiff had performed the disputed transactions when such a conclusion could not reasonably have been drawn from the evidence available to it at the time of its investigation.

38. As a direct and proximate result of violating multiple provisions of the EFTA, Plaintiff is entitled to actual damages, treble damages, statutory damages, as well as attorney's fees and costs.

## COUNT II
## BREACH OF CONTRACT

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The contract between Plaintiff and Defendant provides:

> Federal law (described in the section below entitled "Regulation E Liability Disclosure; Your Liability in Case of Loss, Theft or Unauthorized Transactions") may limit your liability for unauthorized transactions in some circumstances. Under the Bank of America "zero liability" policy, you may incur no liability for unauthorized use of your Card up to the amount of the transaction, provided you notify us within a reasonable time of the loss or theft of your Card, Card number or PIN or its unauthorized use, subject to the following terms and conditions…

41. Plaintiff did all that was required of her by promptly reporting the unauthorized transactions to Bank of America, yet Bank of America refused to restore the stolen funds back to Plaintiff.

42. Contrary to that binding agreement, Defendant refused to honor it, and instead basically accused Plaintiff of lying and refused to refund her stolen money.

43. At the very least, by failing to limit Plaintiff's losses to those amounts set forth in the contract, Bank of America materially breached Plaintiff's account agreement.

44. Plaintiff reported the unauthorized transactions to Bank of America immediately upon discovery, yet Bank of America refused to restore the stolen funds back to the Account.

45. Bank of America breached its promise of "zero liability" and refused to honor its assurance that Plaintiff's money would be protected in the event of unauthorized use.

46. Upon information and belief, Bank of America materially breached its promise to Plaintiff by holding her responsible for the unauthorized transactions and by failing to keep her account secure.

47. As a direct and proximate result of these material breaches, Plaintiff is entitled to an award of actual damages.

# COUNT III
# CONVERSION

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Bank of America wrongfully exercised control over Plaintiff's personal property.

50. Plaintiff had a possessory interest in the funds issued to her.

51. Without Plaintiff's consent, Bank of America intentionally took a possessory interest in such funds by refusing to re-credit or release them, depriving Plaintiff access to her personal property.

52. Bank of America prevented, and continues to prevent, Plaintiff from having access to the funds that were stolen from her.

53. Bank of America refused to return the funds, despite Plaintiff's demands.

54. Plaintiff was harmed as a result, and Bank of America's conduct was a substantial factor in causing Plaintiff's harm.

55. Bank of America acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Bank of America acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Bank of America:

    A. An award of actual damages, including but not limited to the amount of the unauthorized charges and emotional distress;

    B. An award of statutory and treble damages under the EFTA;

    C. An award of punitive damages under Cal. Civ. Code § 3294;

1       D. An award of treble damages under Cal. Civ. Code § 3345;

2       E. Pre-judgment interest;

3       F. Attorneys' fees and costs; and

4       G. Such other and further relief as may be just and proper.

DATED: February 7, 2025                     TAMMY HUSSIN

By: */s/ Tammy Hussin*
Tammy Hussin, Esq.
Hussin Law Firm