AUSTIN B. KENNEY (State Bar No. 242277)
austin.kenney@stinson.com
STINSON LLP
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

CHRISTOPHER M. LAPIDUS (State Bar No. 316005)
christopher.lapidus@stinson.com
STINSON LLP
595 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE HERNANDEZ RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 5:25-cv-00375-JGB-SPx<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER**<br><br>**[Discovery Document: Referred to Magistrate Judge Sheri Pym.]**<br><br>[NOTE CHANGES MADE BY THE COURT TO SECTION 12] |

After considering the Joint Stipulation and Petition for Protective Order filed by the parties hereto and GOOD CAUSE APPEARING THEREFOR,

**IT IS HEREBY ORDERED:**

1. **INTRODUCTION**

    1.1    <u>Purposes and Limitations.</u>  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than

prosecuting this litigation may be warranted. Accordingly, plaintiff Guadalupe Hernandez Rodriguez ("Plaintiff") and defendant Bank of America, N.A. ("BANA") (hereinafter, the "parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 19.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

      1.2   <u>Good Cause Statement.</u> This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, non-public, confidential and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, competitively or commercially sensitive information, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to

address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

   1.3 <u>Procedure for Filing Under Seal</u>. The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

   As applied to documents, materials or other papers filed with the Court that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the parties shall seal such documents (or any portion thereof), by following the protocols for electronic filings in this District.  If a Party believes that material has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and cannot or should not be sealed, pursuant to the protocols and rules in this District, then the Party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the Producing Party, in writing.  The Parties will then meet and confer, in a good faith effort to resolve the dispute.  Failing agreement, the Party wishing to file the materials must request a ruling from the Court on whether the Discovery Material in question must be submitted under seal. The Producing Party shall have the burden of justifying that the materials must be submitted under seal.  Absent written permission from the Producing Party or a court Order denying a motion to seal, a Receiving Party may not file in the public record any Protected Material.

**2. <u>DEFINITIONS</u>**

   2.1 <u>Action</u>: This pending federal lawsuit.

2.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and all Discovery Material, and all information contained therein, and other information designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," to the extent that the Party or non-party designating the Discovery Material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," in good faith reasonably believes that such Discovery Material contains non-public information, confidential information, trade secrets, proprietary business information, competitively or commercially sensitive information, nonpublic personal information within the meaning of the  Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable federal, state or local privacy protective laws and/or "consumer reports" within the meaning of the Fair Credit Reporting Act (15 U.S.C. § 168la) (collectively, the "Acts"), or other information, the disclosure of which would, in the good faith judgment of the Producing Party (defined below) be detrimental to the conduct of that Party's business or the business of any of the Party's customers or clients, as well as any information copied or extracted therefrom, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Confidential Information.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    In-House Counsel: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party producing Confidential Information in connection with this Action, including in depositions, document productions or otherwise, or the Party or Non-Party asserting the confidentiality of such material.

2.13    Professional Vendors: persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL," as provided for in this Stipulated Protective Order, as well as any information copied or extracted

therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in Court or in any other setting that might reveal such information. Protected Material shall not include materials that show on their face they have been disseminated to the public by the designating party.

2.15   Receiving Party: Party or Non-Party receiving Confidential Information in connection with this Action, including in depositions, document productions or otherwise.

**3.    SCOPE**

3.1   Discovery Material shall be used solely for the purposes of this Action, including its prosecution, defense, resolution or settlement, and shall not be used for any purpose whatsoever outside the context of this Action. Nothing in this Stipulation and Order relieves the Parties from any obligation in existence prior to the entry of this Stipulation and Order to maintain the confidentiality of documents, information, and communications previously provided or to be provided to the Parties in connection with this Action.

3.2   This Stipulation and Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Information for any purpose. Nothing herein shall impose any restriction on the use or disclosure by a Party of documents, materials or information designated as Confidential Information that has been obtained lawfully by such party independently of the proceedings in this Action.

3.3   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.4     Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

3.5     This Stipulation and Order is applicable to the Parties and any Non-Parties who use the provisions of the Stipulation and Order by designating Discovery Material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," and the representatives, experts and employees of the Parties or non-parties. This Stipulation and Order shall not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except a hearing that involves issues related to the enforcement or interpretation of any provision of this Stipulation and Order.

## 4.    **<u>DURATION</u>**

FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run. Except as set forth below, the terms of this Stipulated Protective Order apply through FINAL DISPOSITION of the action. The terms of this Stipulated Protective Order shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation and Order.

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5.    **<u>DESIGNATING PROTECTED MATERIAL</u>**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under

1    this Order must take care to limit any such designation to specific material that

2    qualifies under the appropriate standards.  The Designating Party must designate for

3    protection only those parts of material, documents, items, or oral or written

4    communications that qualify so that other portions of the material, documents,

5    items, or communications for which protection is not warranted are not swept

6    unjustifiably within the ambit of this Order.

7        Mass, indiscriminate, or routinized designations are prohibited.  Designations

8    that are shown to be clearly unjustified or that have been made for an improper

9    purpose (e.g., to unnecessarily encumber the case development process or to impose

10    unnecessary expenses and burdens on other parties) may expose the Designating

11    Party to sanctions.

12        If it comes to a Designating Party's attention that information or items that it

13    designated for protection do not qualify for protection, that Designating Party must

14    promptly notify all other Parties that it is withdrawing the inapplicable designation.

15        5.2    Any Producing Party may designate Discovery Material as

16    "confidential," by affixing the notation "CONFIDENTIAL" on the document,

17    making a statement on the record of a deposition as to the portions of the deposition

18    to be designated as confidential, providing written communication to the respective

19    undersigned counsel for the parties hereto, or by other appropriate means. Any

20    Producing Party may, in the alternative, designate Discovery Material as "highly

21    confidential" by affixing the notation "HIGHLY CONFIDENTIAL" on the

22    document, making a statement on the record of a deposition as to the portions of the

23    deposition to be designated highly confidential, providing written communication to

24    the respective undersigned counsel for the parties hereto, or by other appropriate

25    means. Any summary, compilation or copy of Discovery Material that has been

26    designated as Confidential Information shall be treated the same as the underlying

27    document or thing as provided by this Stipulation and Order.

28        5.3    A Producing Party may also designate Discovery Material as "Highly

Confidential Information." This designation shall signify that (i) at the time of the designation the Discovery Material contains or constitutes trade secrets or confidential business or financial information, (ii) there is a substantial and imminent risk that absent such designation, its receipt by the Receiving Party could cause competitive and/or economic harm to the Producing Party, and (iii) such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for "Confidential Information." The provisions of this Stipulation and Order, including all usage, dissemination, and disclosure limitations, shall be applicable to "Highly Confidential Information" in the same manner as "Confidential Information," except that notwithstanding any other provision of this Stipulation and Order, no disclosure of Highly Confidential Information may be made to any persons other than (1) a Party's in-house and external counsel and the paralegals and support personnel working for such counsel, (2) experts retained by a Party or a Party's external counsel, and (2) the Court and Court personnel, if filed in accordance with section 1.3. Disclosure to in-house counsel shall be limited to in-house counsel providing legal advice in connection with this Action, and Highly Confidential Information may not be disclosed to any other officers, directors, employees, or agents of a Party, including other in-house counsel. Nothing in this paragraph shall preclude counsel from giving advice to his or her client in this Action that includes a general evaluation of Highly Confidential Information, provided that counsel shall not disclose the contents of any Highly Confidential Information contrary to the terms of this Stipulation and Order.

     5.4   <u>Manner and Timing of Designations.</u> The designation shall, wherever practicable, be made before or at the time of production or disclosure, except in the case of depositions, which shall be designated as follows. All depositions and transcripts of any testimony given at a deposition shall presumptively be treated as Confidential Information and subject to this Stipulation and Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is

received by counsel for each of the Parties. At or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated as Confidential Information by any Party. If any deposition or pretrial testimony is designated as Confidential Information, the Producing Party shall direct the court reporter to affix an appropriate confidentiality legend to the deposition transcript's first page and all portions of the transcript containing Confidential Information. Any Party may challenge the designation by following the procedure set forth in section 6 below.

5.5    Discovery Materials as Confidential Information.    The unintentional failure by a Producing Party to designate Discovery Material with the correct "CONFIDENTIAL" designation shall not waive any such designation.  If the Producing Party notifies all Receiving Parties of an unintentional failure to designate materials as "CONFIDENTIAL," the Producing Party shall reproduce the Discovery Material with the correct "CONFIDENTIAL" designation within ten (10) business days of the Producing Party's notification to the Receiving Party. Upon receiving the Discovery Material with the correct "CONFIDENTIAL" designation, the Receiving Parties shall destroy all Discovery Material that was identified as incorrectly designated.  A Receiving Party shall not be in breach of this Stipulation and Order for any use of such unintentionally non-designated or inadvertently mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the unintentional failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Stipulated Protective Order.

## 6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party will initiate the dispute

resolution process (and, if necessary, file a discovery motion) under Local Rule 37-1 et seq. In conferring, the challenging Party must explain the basis for its belief that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if the challenging party has engaged in this meet and confer process first.

6.3     Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 20 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

1  Receiving Party may disclose any information or item designated "CONFIDENTIAL"

2  only to:

3              (a)      the Receiving Party's Outside Counsel of Record in this Action,

4  as well as employees of said Outside Counsel of Record to whom it is reasonably

5  necessary to disclose the information for this Action;

6              (b)      the officers, directors, and employees (including House Counsel)

7  of the Receiving Party to whom disclosure is reasonably necessary for this Action;

8              (c)      Experts (as defined in this Order) of the Receiving Party to whom

9  disclosure is reasonably necessary for this Action and who have signed the

10  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11              (d)      the Court and its personnel;

12              (e)      court reporters and their staff;

13              (f)      professional jury or trial consultants, mock jurors, and

14  Professional Vendors to whom disclosure is reasonably necessary for this Action

15  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

16  A);

17              (g)      the author or recipient of a document containing the information

18  or a custodian or other person who otherwise possessed or knew the information;

19              (h)      during their depositions, witnesses, and attorneys for witnesses,

20  in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

21  party requests that the witness sign the form attached as Exhibit A hereto; and (2)

22  they will not be permitted to keep any confidential information unless they sign the

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

24  agreed by the Designating Party or ordered by the Court. Pages of transcribed

25  deposition testimony or exhibits to depositions that reveal Protected Material may

26  be separately bound by the court reporter and may not be disclosed to anyone except

27  as permitted under this Stipulated Protective Order;

28              (i)      any mediator or settlement officer, and their supporting

personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(j)    Former personnel of the Receiving Party actually engaged in assisting counsel in the conduct of this Litigation, and the counsel for said former personnel, provided that before any Confidential Information is disclosed, the disclosing Party shall request that former personnel and their counsel, if applicable, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); to comply with and be bound by the Stipulation and Order's terms. If the former personnel or their counsel refuse to execute the Confidentiality Undertaking, then they shall not be furnished with Confidential Information; and

(k)    Any other person agreed to by the parties.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party within five (5) business days of receipt of such subpoena or order. Such notification will include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order;

(c)  shall not produce any of the Producing Party's Confidential Information, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party;

(d)   if, within ten (10) business days of receiving such notice, the Producing Party gives notice to the Receiving Party subject to the Demand that the Producing Party opposes production of its Confidential Information, the Receiving Party shall object to the Demand, citing this Stipulation and Order, and shall not thereafter produce such Confidential Information, except as Court-ordered or required by law. The Producing Party shall be responsible for pursuing any objection to the requested production, including moving to quash the Demand and/or seeking an additional protective order.  The Receiving Party agrees to cooperate with the Producing Party in resisting the Demand;

(e)   nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Information covered by this Stipulation and Order, or to subject the Receiving Party to any penalties for non-compliance with any legal process or order for failure to comply with a Demand, or to seek any relief from this Court in connection with obligations imposed by a Demand; and

(f)   in the event that Confidential Information is produced to an entity that is not bound by this Stipulation and Order in response to a Demand, the Parties to this Stipulation and Order shall continue to treat such Discovery Material in accordance with the designation as Confidential Information.

(g)   if the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION**

9.1    Application.  The terms of this Stipulated Protective Order are
applicable to information produced by a Non-Party in this Action and designated as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced
by Non-Parties in connection with this litigation is protected by the remedies and
relief provided by this Order.  Nothing in these provisions should be construed as
prohibiting a Non-Party from seeking additional protections.

9.2    Notification.  In the event that a Party is required, by a valid discovery
request, to produce a Non-Party's confidential information in its possession, and the
Party is subject to an agreement with the Non-Party not to produce the Non-
Party's confidential information, then the Party shall:

(a)   promptly notify in writing the Requesting Party and the Non-Party
that some or all of the information requested is subject to a confidentiality
agreement with a Non-Party;

(b)  make the information requested available for inspection by the Non-
Party, if requested.

9.3    Conditions of Production.  If the Non-Party fails to seek a protective
order from this court within 14 days of receiving the notice and accompanying
information, the Receiving Party may produce the Non-Party's confidential
information responsive to the discovery request.  If the Non-Party timely seeks a
protective order, the Receiving Party shall not produce any information in its
possession or control that is subject to the confidentiality agreement with the Non-
Party before a determination by the court.  Absent a court order to the contrary, the
Non-Party shall bear the burden and expense of seeking protection in this court of its
Protected Material.

**10.**    <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**11.**    <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

11.1    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11.2    A Producing Party's disclosure of information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the Bank Examiner Privilege or any other privilege, immunity, or prohibition on disclosure ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege, immunity or prohibition, provided that the Producing Party notifies the Receiving Party, in

writing, of the production after its discovery of the same.  The Producing Party must specifically and individually identify the Privileged Documents which it unintentionally produced to the Receiving Party.  Upon written notification of the production of privileged materials (hereafter referred to as "Identified Materials") by the Producing Party, the Receiving Party shall return, destroy, or delete the Identified Materials as requested by the Producing Party.  If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

11.3   The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.

11.4   The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

11.5   The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

11.6   The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

11.7   If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

11.8   This Stipulation and Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or prohibition on production. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the Stipulation and Order.

## 12.   FILING OF CONFIDENTIAL INFORMATION WITH THE COURT

12.1   As applied to documents, materials or other papers filed with the Court that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the parties shall apply to seal such documents (or any portion thereof), by following the protocols for electronic and sealed filings in this District.  If a Party believes that material has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and cannot or should not be sealed, pursuant to the protocols and rules in this District, then the Party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the Producing Party, in writing.  The Parties will then meet and confer, in a good faith effort to resolve the dispute.  Failing agreement, the Party wishing to file the materials must request a ruling from the Court on whether the Discovery Material in question must be submitted under seal.  The Producing Party shall have the burden of justifying that the materials must be submitted under seal.  Absent written permission from the Producing Party or a court Order denying a motion to seal, a Receiving Party may not file in the public record any Protected Material.

12.2   The use of Protected Material during the pre-trial hearing shall be determined by agreement of the parties and by Order of the Court.

## 13.   DISCLOSURES OF CONFIDENTIAL INFORMATION TO EXPERTS

Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 11(g) hereof, counsel for the Receiving

1  Party shall obtain a "Acknowledgment and Agreement to Be Bound" (Exhibit A)

2  signed by the expert or consultant.  Counsel for the Receiving Party obtaining the

3  "Acknowledgment and Agreement to Be Bound" (Exhibit A) shall supply a copy to

4  counsel for the other Party at the time of the disclosure, except that any

5  "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by an expert or

6  consultant who the Receiving Party, in good faith, reasonably does not expect to call

7  as a witness at trial does not need to be disclosed.

8  **14.    REMEDIES FOR BREACH**

9        The Parties agree that they would not have an adequate remedy at law in the

10  event that a court of competent jurisdiction determines that there is an actual or

11  threatened breach of this Stipulation for Protective Order by any Party and agree that

12  under such circumstances the Parties will be entitled to specific performance and/or

13  injunctive relief to enforce the terms hereof, in addition to any remedy to which they

14  may be entitled at law or in equity.

15  **15.    JURISDICTION AND VENUE**

16        The United States District Court for the Central District of California is

17  responsible for the interpretation and enforcement of this Stipulation and Order and

18  all disputes concerning any documents, however designated, produced under the

19  protection of this Stipulation and Order.

20  **16.    SHIPPING PROTECTED MATERIAL**

21        When any Receiving Party ships any Discovery Material to others designated

22  in this Order as authorized to receive Discovery Material, the Receiving Party will

23  encrypt any electronic data (if the Discovery Material is in that format) and supply

24  the password in separate correspondence to the recipient.  If the Discovery Material

25  is in hard copy/paper form, the Receiving Party will ship the Discovery Material using

26  secure packaging tape via Federal Express or UPS and retain a tracking number for

27  the materials.  If the Receiving Party learns at any time that Discovery Material may

28  have been retrieved or viewed by unauthorized parties during shipment, it will

1  immediately notify the Producing Party and take all reasonable measures to retrieve

2  the improperly disclosed Discovery Material.

3  **17.**  **RESTRICTIONS ON USE OF ARTIFICIAL INTELLIGENCE**

4      The Parties agree that a Receiving Party may use artificial intelligence software

5  and services (together, an "AI Model") to aid in the processing, review, and analysis

6  of Discovery Material in this litigation, provided however that any such AI Model

7  must protect the confidentiality of the information as required by this Stipulation and

8  Order.  The Parties expressly agree that no Receiving Party will submit any Discovery

9  Material received pursuant to this Stipulation and Order to an AI Model that is open

10 or available to the public, including ChatGPT and similar tools.  The Parties further

11 expressly agree that no Receiving Party will submit any Discovery Material received

12 pursuant to this Stipulation and Order to any proprietary or closed AI Model unless it

13 first ensures that the AI tool will not learn from, be trained on, or otherwise

14 incorporate the Discovery Material for any purpose other than the prosecution or

15 defense of this litigation.  Before a Receiving Party submits Discovery Material

16 received pursuant to this Stipulation and Order to an AI Model in compliance with

17 this paragraph, the Receiving Party shall make certain that such Discovery Material

18 will not be accessible to unauthorized persons and that it can be deleted from the AI

19 Model in accordance with paragraph 21 of this Stipulation and Order.

20 **18.**  **JOINDER OF ADDITIONAL PARTIES**

21     In the event that additional parties join or are joined in this Litigation, they shall

22 not have access to Confidential Information until the newly joined party, by its

23 counsel, has executed and filed with the Court the newly joined Party's agreement to

24 be fully bound by this Stipulation and order.

25 **19.**  **EFFECTIVE DATE OF STIPULATION**

26     The parties agree to be bound by the terms of this Stipulation and Order pending

27 the entry by the Court of this Stipulation and Order, and any violation of its terms

28 shall be subject to the same penalties and sanctions, as if this Stipulation and Order

1  had been entered by the Court.

2  **20.**   **MISCELLANEOUS**

3      19.1   <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order

4  abridges the right of any person to seek its modification by the Court in the future.

5      19.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

6  Stipulated Protective Order no Party waives any right it otherwise would have to

7  object to disclosing or producing any information or item on any ground not

8  addressed in this Stipulated Protective Order.  Similarly, no Party waives any right

9  to object on any ground to use in evidence of any of the material covered by this

10  Stipulated Protective Order.

11      19.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

12  Protected Material must comply with Civil Local Rule 79-5. Protected Material

13  may only be filed under seal pursuant to a court order authorizing the sealing of

14  the specific Protected Material at issue; good cause must be shown in the request

15  to file under seal  If a Party's request to file Protected Material under seal is denied

16  by the Court, then the Receiving Party may file the information in the public

17  record unless otherwise instructed by the Court.

18  **21.**   **FINAL DISPOSITION**

19      Within 60 days after the final disposition of this action, as defined in paragraph

20  4,  each Receiving Party must return all Protected Material to the Producing Party or

21  destroy such material. As used in this subdivision, "all Protected Material" includes

22  all copies, abstracts, compilations, summaries, and any other format reproducing or

23  capturing any of the Protected Material. Whether the Protected Material is returned or

24  destroyed, the Receiving Party must submit a written certification to the Producing

25  Party (and, if not the same person or entity, to the Designating Party) by the 60 day

26  deadline that (1) identifies (by category, where appropriate) all the Protected Material

27  that was returned or destroyed and (2) affirms that the Receiving Party has not

28

1  retained any copies, abstracts, compilations, summaries or any other format

2  reproducing or capturing any of the Protected Material. Notwithstanding this

3  provision, Counsel are entitled to retain an archival copy of all pleadings, motion

4  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

5  deposition and trial exhibits, expert reports, attorney work product, and consultant and

6  expert work product, even if such materials contain Protected Material. Any such

7  archival copies that contain or constitute Protected Material remain subject to this

8  Protective Order as set forth in Section 4 (DURATION).

9  **22.    <u>VIOLATION OF STIPULATED PROTECTIVE ORDER</u>**

10  Any violation of this Stipulated Protective Order may be punished by any

11  and all appropriate measures including, without limitation, contempt proceedings

12  and/or monetary sanctions.

13

14  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

15

16  DATED: October 9, 2025

17                                              Hon. Sheri Pym

18                                              United States Magistrate Judge

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [**full name**], of _____

4    [**full address**], declare under penalty of perjury that I have read in its entirety and

5    understand the Stipulated Protective Order that was issued by the United States

6    District Court for the Central District of California on [date] in the case of

7    *GUADALUPE HERNANDEZ RODRIGUEZ V. BANK OF AMERICA, N.A.*, Case

8    No. 5:25-cv-00375-JAK-SP. I agree to comply with and to be bound by all the

9    terms of this Stipulated Protective Order and I understand and acknowledge that

10    failure to so comply could expose me to sanctions and punishment in the nature of

11    contempt. I solemnly promise that I will not disclose in any manner any information

12    or item that is subject to this Stipulated Protective Order to any person or entity

13    except in strict compliance with the provisions of this Order.

14    I further agree to submit to the jurisdiction of the United States District Court

15    for the Central District of California for the purpose of enforcing the terms of this

16    Stipulated Protective Order, even if such enforcement proceedings occur after

17    termination of this action. I hereby appoint _____ [**full**

18    **name**] of _____ [**full address and**

19    **telephone number**] as my California agent for service of process in connection with

20    this action or any proceedings related to enforcement of this Stipulated Protective

21    Order.

22

23    Date: _____

24    City and State where signed: _____

25    Printed name: _____

26    Signature: _____

27

28